■ In the Matter of DONALD WHITTINGTON, Petitioner, v. JAMES A. PORCARI, JR., Respondent.— Determination unanimously modified by reducing penalty to suspension to date hereof, and as so modified determination confirmed, without costs. Memorandum: Petitioner, a property conservation inspector for the Commission of Buildings and Property Conservation of the City of Rochester, was dismissed from his position for incompetency and dereliction of duty after a hearing. He challenged the dismissal on the grounds that the evidence was insufficient to support the determination or, in the alternative, that dismissal was an abuse of discretion, reviewable pursuant to CPLR 7803 (subd. 3). " An appeal from a determination of an administrative agency made after a hearing at which some evidence has been taken raises the single issue of whether the findings are, on the entire record, supported by substantial evidence." (*Matter of Shell Cr. Sailing Club* v. *Board of Zoning Appeals of Town of Hempstead*, 20 N Y 2d 841, 843-844.) The record contains substantial evidence from which the Commissioner could find petitioner guilty of the charges against him and the decision should not be disturbed on this ground. However, his previous record of 11 years of service without any charge or demerit against him does not justify dismissal. (See *Matter of Picconi* v. *Lowery*, 35 A D 2d 693, affd. 28 N Y 2d 962.) (Review of determination dismissing petitioner, transferred by order of Monroe Special Term.) Present — Del Vecchio, J. P., Marsh, Moule, Simons and Henry, JJ.

■ In the Matter of ANNA C. GARDNER, Doing Business as GARDNER NURSING HOME, Petitioner, v. ABE LAVINE, as Commissioner of the Department of Social Services, et al., Respondents.— Decision reserved and matter remitted for further proceedings in accordance with the following Memorandum: Petitioner, the owner of a nursing home in Buffalo, in this article 78 proceeding, sought to annul a determination of respondents which held that petitioner's nursing home could not be certified for skilled nursing care in accordance with the provisions of title XIX of the Federal Social Security Act, thus rendering her ineligible for further participation in the Medicaid program. Petitioner produced evidence by qualified experts that although her nursing home did not meet strict requirements of the Life Safety Code, the health and safety of her patients would not be adversely affected if certain improvements to her nursing home were made. Since there is no proof that such improvements were in fact made, we cannot determine whether respondents' determination is supported by substantial evidence. The proceeding should be remitted so that proof may be introduced and findings made on this question (see *Matter of Pollock* v. *Lavine*, 41 A D 2d 352). (Review of determination decertifying nursing home, transferred by order of Erie Special Term). Present — Goldman, P. J., Witmer, Moule, Simons and Henry, JJ.